WASHINGTON, VIRGINIA & MARYLAND COACH
CO. *v.* NATIONAL LABOR RELATIONS BOARD.

No. 469.   Argued February 10, 1937.—Decided April 12, 1937.

*Messrs. Robert E. Lynch* and *William J. Hughes, Jr.,*
with whom *Mr. William E. Leahy* was on the brief for
petitioner.

*Mr. Charles Fahy,* with whom *Attorney General Cummings, Solicitor General Reed,* and *Messrs. Charles E. Wyzanski, Jr., A. H. Feller, Charles A. Horsky, Robert B. Watts, Philip Levy,* and *A. Norman Somers* were on the brief, for respondent.

By leave of Court, *Messrs. Charlton Ogburn* and *Arthur E. Reyman,* as *amici curiae,* filed a brief on behalf of the American Federation of Labor et al., supporting the validity of the Act.

By leave of Court, *Messrs. Ivan Bowen, Charles H. Young,* and *M. H. Boutelle,* as *amici curiae,* filed a brief on behalf of the Pennsylvania Greyhound Lines, Inc., et al., challenging the validity of the Act.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In this case the petitioner, an operator of motor buses for the transportation of passengers and express for hire between points in the District of Columbia and in the State of Virginia, challenges the enforcement of the National Labor Relations Act against it as in contravention of the commerce clause and the Fifth and Seventh Amendments of the Constitution.

Pursuant to a written charge filed with the National Labor Relations Board by Local No. 1079 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, a labor organization, the Board issued a complaint alleging that the petitioner had discharged and refused to reinstate certain drivers and garage workmen because of their membership and activity in Local No. 1079 and that this constituted engaging in unfair labor practices affecting commerce within the intent of § 8, subsections (1) and (3), and § 2, subsections (6) and (7) of the National Labor Relations Act.[1] The petitioner appeared specially and filed a motion to dismiss the complaint on constitutional grounds, and, without waiving its objections to the

---

[1] July 5, 1935, c. 372, 49 Stat. 449; U. S. C. Supp. I, Tit. 29, §§ 151, ff.

Board's jurisdiction, filed an answer substantially admitting the allegations of the complaint with respect to the interstate character of its business, admitting the discharge and refusal to reinstate the employees mentioned in the complaint, and alleging that its action was motivated by the employees' inefficiency and not affected by their membership or activity in the union. The Board overruled the objections to its jurisdiction, fully heard the case, received evidence offered by both parties, and at the conclusion of the hearing denied a motion to dismiss the proceeding on the ground that the evidence did not support the allegations of the complaint, except as to three of the twenty-one employees concerned as to whom the complaint was dismissed for lack of evidence. The Board rendered a decision setting forth its findings of fact and entered an order prohibiting the petitioner from discrimination against its employees based upon membership in a union or advocacy of collective bargaining, and requiring the petitioner to restore eighteen of the discharged employees to their former positions with compensation for loss due to their discharge and to post notices to the effect that it would comply with the Board's order.[2]

Because of non-compliance with the order the Board filed a petition in the Circuit Court of Appeals for its enforcement. That court refused to disturb the findings of fact made by the Board, overruled the contentions as to unconstitutionality of the act as applied to petitioner and passed a decree enforcing the order.[3]

While the petitioner, in its specifications of error, attacks the holding of the Circuit Court of Appeals that the act as applied does not violate the Fifth and Seventh

[2] 1 N. L. R. B. 769.
[3] 85 F. (2d) 990.

Amendments, the argument in brief and at the bar was confined to two propositions: first, that the act is an attempt on the part of Congress to regulate labor relations in all employments whether interstate or intrastate and as it is void as an attempted regulation of intrastate commerce the whole must fall because its provisions are inseverable; secondly, that the evidence does not sustain the findings and the Board committed substantial error in the exclusion of evidence.

*First.* No contention is made that the petitioner is other than an instrumentality of interstate commerce. It is engaged in interstate transportation for hire. Our decisions in *Texas and N. O. R. Co.* v. *Brotherhood of Railway and Steamship Clerks,* 281 U. S. 548, and *Virginian Railway Co.* v. *System Federation No. 40,* 300 U. S. 515, put beyond debate the validity of the statute as applied to the petitioner. The contention that the act on its face seeks to regulate labor relations in all employments, whether in interstate commerce or not, is plainly untenable. As we have had occasion to point out in decisions rendered this day the act limits the jurisdiction of the Board to instances which fall within the commerce power, and if the Board should exceed the jurisdiction conferred upon it, any party aggrieved is at liberty to challenge its action.

*Second.* The petition for certiorari made no mention of any claim with respect to the sufficiency of the evidence to support the findings. In the light of this fact the question is not open for decision here.[4] But, were this not so, we should not review the facts, since § 10 (e) of the act provides that "the findings of the Board as to the facts, if supported by evidence, shall be conclu-

[4] *Alice State Bank* v. *Houston Pasture Co.,* 247 U. S. 240, 242; *Helvering* v. *Taylor,* 293 U. S. 507, 511; *Clark* v. *Williard,* 294 U. S. 211, 216; *Morehead* v. *Tipaldo,* 298 U. S. 587, 605.

sive," and there was substantial evidence to support the findings.

This is not a case of alleged confiscation,[5] nor is it one where the Board lacked jurisdiction,[6] for admittedly the petitioner's activities are in interstate commerce. The complaint is merely of error in appreciating and weighing evidence. In the case of statutory provisions like § 10 (e), applicable to other administrative tribunals, we have refused to review the evidence or weigh the testimony and have declared we will reverse or modify the findings only if clearly improper or not supported by substantial evidence.[7] The contentions respecting the rejection of evidence are not well founded.

*Third.* The specifications of error addressed to other questions are answered by the decision of this court in *National Labor Relations Board* v. *Jones & Laughlin Steel Corp., ante,* p. 1.

The judgment is

*Affirmed.*

---

[5] Compare *St. Joseph Stock Yards Co.* v. *United States,* 298 U. S. 38; *Baltimore & Ohio R. Co.* v. *United States,* 298 U. S. 349, 368.

[6] Compare *Crowell* v. *Benson,* 285 U. S. 22.

[7] *Florida* v. *United States,* 292 U. S. 1, 12; *Federal Trade Comm'n* v. *Algoma Lumber Co.,* 291 U. S. 67, 73; *Del Vecchio* v. *Bowers,* 296 U. S. 280; *Acker* v. *United States,* 298 U. S. 426, 433, 434.