## McNary's Appeal

*Burtt Harris*, for petitioner.
*J. Howard Devlin*, for defendant.

RICHARDSON, J., April 13, 1938.—This is an appeal of The E. S. McNary, Inc. Employees' Association from an order of the Pennsylvania Labor Relations Board denying the petition of the association, which petition prayed for an investigation of a controversy concerning the representation of the employes of E. S. McNary, Inc., and for a certification by the board of the representatives designated or selected by the employes.

The Labor Relations Board designated a trial examiner to hear the testimony. At the hearing held by him, the association presented evidence in support of its claim to represent the majority of the employes as their agent for collective bargaining. Neither the employer nor the Bakery Drivers Local No. 485 participated, although notified of the time and place of hearing. After a review of the testimony, the board found that there was no question concerning the representation of the employes of the McNary company and denied the prayer of the peti-

tion. The association then appealed to this court, as provided by the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168.

The questions involved are: (1) Whether the finding of the board and the order entered pursuant thereto are supported by the evidence: Pennsylvania Labor Relations Act, supra, sec. 9(b).; Washington, Virginia & Maryland Coach Co. v. National Labor Relations Board, 301 U. S. 142; and (2) whether this court may grant petitioners any relief, under the circumstances.

The petition filed with the board was signed by three of the officers of the association. It is alleged that the association represented 11 out of a total of 13 employes of E. S. McNary, Inc., a wholesale pie bakery. The 11 members are described as all of the shop employes and one truck driver. The petition avers that the employer hires three truck drivers, two of whom belong to Bakery Drivers Local, No. 485, affiliated with the American Federation of Labor, but that there is no contract between the employer and the A. F. of L. It also appears that the "A. F. of L. upon refusal of the employer to deal with it as affects truck drivers, ordered drivers out. Petitioners claim right to bargain for all employes."

From the board's findings of fact, it appears that the employes' association was formed about May 1, 1937, at a meeting in the home of the present president, who resided on the premises of the employer. This meeting was called by a former employe of the McNary company, who appeared to have some relationship to the McNary family, the owners of the employer corporation. Two other members of the McNary family were active in the formation of the association and one of these placed the name of the present president in nomination. The articles of association and the by-laws were drafted by an attorney suggested by the former employe who called the meeting for organization. These articles provide, inter alia, for a two-thirds vote for the ratification of contracts and a quorum of three-fourths of the membership when matters

relating to wages and hours are considered. The board found that the association was, at the time of the hearing, "in an imperfect and loosely knit stage of development."

Shortly after the association was formed, it negotiated with the employer for and received advances in wages, shorter hours, and other advantages over the former contracts. This agreement is still in effect and recognized by both parties.

In August 1937, one of the drivers, a member of the local A. F. of L. union, went on strike. The other two drivers (one a member of an independent union and the other a member of a C. I. O. union) joined the association. The plant was closed for nearly three months, due, according to the board, to this "labor trouble."

The board further found that the employer had not refused to recognize the association, and that there was no question or controversy between the company and the association over the question of representation, and that "the company has recognized the association and dealt with it." There was no specific finding of fact that the petitioning association was employer dominated, but the board indicated in its "Discussion" that petitioner was not a valid independent association. Its disposition of the case was based upon its finding that there was no controversy involving a question of representation, and therefore no necessity for certification.

As we see the case, the question resolves itself into the power of this court to review the order of the board which disposes of the case on the ground that no controversy exists involving a question of representation and the refusal to certify the association as the bargaining agent of the employes.

Since there is no finding by the board on the matter of employer domination, we believe that this court need not review the testimony in that respect. Consequently, the exceptions of appellant relating to the refusal of the examiner to strike out certain testimony relating to employer domination need not be considered, although we

are of opinion that the evidence of these witnesses was clearly competent to establish the fact of domination by the employer at the time of organization of the association.

Under the Pennsylvania Labor Relations Act, supra, sec. 9(*b*):

"Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought, may obtain a review of such order in the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in, or wherein such person resides or transacts business by filing in such court a written petition praying that the order of the board be modified or set aside."

Was then this order of the board, dismissing the petition on the ground that no controversy concerning representation existed, a final order which can be reviewed by this court?

In United Employees Assn. v. National Labor Relations Board, 96 F. (2d) 875, it was held that the certification of a representative for the purposes of collective bargaining under the National Labor Relations Act was not a final order of the National Labor Relations Board. The court there said (p. 876):

"The petitioner admits that it may not have a judicial review of any action of the Board until it has made a final order. But it says that certification of the Union as the exclusive collective bargaining agent for the Association with the Company is in effect a final order determining that question.

"It does determine that question which may be reviewed at the proper time by this court, but that time arrives when the Board orders the company to do something. Here the Union is merely certified as 'the exclusive representative of all such employees for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, and other conditions of employment.' This is not a final order. It is in fact not an order at all, but

simply the certification of a fact which may be entirely ignored and disregarded by the Association and the Company. The Company may go on with impunity bargaining with the Association just as though no certification had been made. Until the Board makes a final order commanding the Company to do something, its jurisdiction is exclusive and complete and its order may not be reversed or set aside if there is any substantial evidence to support it. Consequently until the Board makes a final order by which some person is aggrieved the proceedings of the Board may not be judicially reviewed or enjoined. Section 10(a) of the act, 29 U. S. C. A. §160 (a) ; Howard Myers et al., Petitioners, v. Bethlehem Shipbuilding Corporation Ltd., 58 S. Ct. 459, 82 L. Ed. 638, decided January 31, 1938. But when the Board makes a final order by which any person is aggrieved, he may obtain a review of such order in any circuit court of appeals of the United States in the circuit wherein such person resides or the unfair labor practice is alleged to have been engaged in, section 10 (f) of the act, 29 U. S. C. A. §160 (f), and 'upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority are open to examination by the court.' National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U. S. 1, 46, 47, 57 S. Ct. 615, 629, 81 L. Ed. 893, 108 A. L. R. 1352. If and when the Board by a final order directs the petitioner in this case to cease and desist from any of its practices or to do anything, the petitioner may obtain a review of that order by this court which may then examine the regularity of the proceedings by which the Board found that the Union was the exclusive representative of the Association for the purposes of collective bargaining, but until then both the Association and the Company may proceed just as though no election had been held or certification made. Until then neither the Association nor the Company are hurt. In its report the

House Committee said: 'It is intended here to give the party aggrieved a full, expeditious and exclusive method of review in one proceeding after a final order is made. Until such final order is made the party is not injured, and cannot be heard to complain, as has been held in cases under the Federal Trade Commission Act.' H. R. Rep. 1147, 74th Cong., 1st Sess., page 24.

"The petition is denied and dismissed."

Section 9(c) of the National Labor Relations Act of July 5, 1935, 49 Stat. at L. 449, 29 U. S. C. §159(c) is substantially in the same language as section 7(c) of the Pennsylvania Labor Relations Act.

We believe that the circuit court of appeals was correct in its interpretation of the National Labor Relations Act and in holding that the certification of a bargaining representative is not a final order. It seems to us also that the refusal to certify a bargaining agent is not a final order which can be appealed from and reviewed in this court.

It seems to us also that the board's finding that no controversy concerning representation existed was a finding of fact which was based upon sufficient evidence to sustain it. This finding is therefore conclusive upon us.

Under the view we take of this case, the question of constitutionality of the Pennsylvania Labor Relations Act can not be raised until a final order of the board by which some person is aggrieved is issued, at which time a review may be had of all questions concerning the jurisdiction of the board, the regularity of its proceedings, and all questions of constitutional right or statutory authority: National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U. S. 1.

*Order*

And now, April 13, 1938, the appeal of The E. S. McNary, Inc. Employees' Association from the decision of the Pennsylvania Labor Relations Board having come on to be heard, upon consideration thereof, the appeal is

dismissed without prejudice to the right of petitioner if any to raise the questions herein presented upon a review of any final order of the Pennsylvania Labor Relations Board.