# 304

## NATIONAL LABOR RELATIONS BOARD v. FASHION PIECE DYE WORKS, Inc.

### No. 6559.

Circuit Court of Appeals, Third Circuit.

Nov. 29, 1938.

Charles Fahy, Gen. Counsel, Robert B. Watts, Associate Gen. Counsel, and Laurence A. Knapp, Robert S. Erdahl, and Owsley Vose, Attys., National Labor Relations Board, all of Washington, D. C., and Gerhard P. VanArkel, of New Orleans, La., for petitioner.

Wm. H. Schneller, of Catasauqua, Pa., and H. P. McFadden, of Bethlehem, Pa., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

The National Labor Relations Board has filed its petition for the enforcement of an order issued by it against the respondent, Fashion Piece Dye Works, Inc., pursuant to Section 10(c) of the National Labor Relations Act (Act of July 5, 1935, c. 372, 49 Stat. 449, 29 U.S.C.A. § 151 et seq.). Enforcement is opposed by the respondent upon the ground that the order was invalid. The facts are these.

On October 31, 1935, the Federation of Silk and Rayon Dyers and Finishers of America (now the Federation of Dyers, Finishers, Printers and Bleachers of America), filed with the Regional Director of the Board a charge that the respondent was engaging in unfair labor practices within the meaning of sections 8(1) and 8(3) of the Act, 29 U.S.C.A. § 158(1, 3). The respondent was served with a copy of the complaint and notice of a hearing before a Trial Examiner designated by the Board. At the hearing on December 23, 1935, the respondent offered no evidence, relying upon the defense that the Act was unconstitutional. After the ruling by the Supreme Court on April 12, 1937, that the Act was constitutional (National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352), the respondent was granted leave by this court to adduce additional evidence and did so on November 18, 1937.

The Board issued a supplemental decision on March 30, 1938, based upon the record as made upon the two hearings. It found that the respondent is a New Jersey corporation operating a plant in Pennsylvania for the dyeing and finishing of rayon and acetate goods belonging to its customers; that fifty to ninety per cent. of the goods to be processed by the respondent are received from points outside of Pennsylvania and transported to the Easton, Pennsylvania, plant in a truck owned and operated by the respondent; that ninety per cent. of the finished goods are delivered directly to the respondent's customers in New York City by the respondent in its own truck; that the respondent discharged four of its employees because of their union

activities and a fifth because he was a brother of one of the discharged men.

The Board ordered the respondent to cease and desist from interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed in section 7 of the Act and from discouraging membership in the Federation of Dyers, Finishers, Printers, and Bleachers of America, or any other labor organization of its employees, by discriminating against any of its employees in regard to hire or tenure or any term or condition of employment. In addition it directed the respondent to offer immediate and full reinstatement to each of the five discharged employees with back pay equal to that which he would normally have earned as wages less the amount which he earned during the period of unemployment and to post appropriate notices in the plant.

The respondent contends that it is not subject to the provisions of the National Labor Relations Act; that the Board's findings of fact as to the cause of the discharge of the five employees are not supported by the evidence; and that the order to reinstate with back pay is premature because the amount of back wages has not been determined.

The respondent argues that since it is not engaged in interstate commerce and its business does not affect the flow of interstate commerce it is not subject to the provisions of the Act. We cannot accept the respondent's premise that it does not engage in interstate commerce. True, it does not buy, sell or exchange any of the goods dyed and finished at its plant in interstate commerce. It does, however, transport in its own truck textiles from points outside of Pennsylvania before they are processed and to states other than Pennsylvania after they are processed. The transportation of the textiles was an essential part of its business. In National Labor Relations Board v. Hopwood Retinning Co., 98 F.2d 97, the Circuit Court of Appeals for the Second Circuit based its conclusion that a company engaged in repairing milk and ice cream containers was engaged in "interstate commerce" within the meaning of the Act upon the fact that 23% of the containers on which work was to be done were transported in the company's truck from and to states other than the state where the work was performed. The situation here is essentially similar. When the respondent transported the goods of its customers across the state line it engaged directly in interstate commerce. Gloucester Ferry Co. v. Pennsylvania, 114 U.S. 196, 5 S.Ct. 826, 29 L.Ed. 158; United States v. Hill, 248 U.S. 420, 39 S.Ct. 143, 63 L.Ed. 337.

The respondent relies upon National Labor Relations Board v. Fainblatt, 3 Cir., 98 F.2d 615, in which this court, one judge dissenting, held that a New Jersey tailoring concern which was engaged exclusively in finishing garments for a New York concern from cloth owned and furnished by the latter was not subject to the provisions of the Act. That case, however, is clearly distinguishable and is not controlling here because there it appeared that Fainblatt engaged in no interstate transportation whatever, whereas in the case before us the respondent itself transported at least fifty per cent. of the textiles to be processed into the state and the same percentage of the finished product out of the state.

Section 10(e) of the Act, 29 U.S.C.A. § 160(e), provides that "The findings of the Board as to the facts, if supported by evidence, shall be conclusive." We are satisfied that the Board's findings that the respondent discharged four of the men for union activities and the fifth because of his relationship to a union man are supported by substantial evidence in the record, and, therefore, may not be set aside by this court. Washington, Virginia & Maryland Coach Co. v. National Labor Relations Board, 301 U.S. 142, 57 S.Ct. 648, 81 L.Ed. 965.

The respondent objects to the cease and desist order because it provides for reinstatement of the discharged employees with back pay. Section 10(c) of the Act, 29 U.S.C.A. § 160(c), empowers the Board to order affirmative action "including reinstatement of employees with or without back pay." In National Labor Relations Board v. Jones and Laughlin Steel Corporation, supra, 57 S.Ct. 629, the Supreme Court, dealing with a similar issue, said "Respondent complains that the Board not only ordered reinstatement but directed the payment of wages for the time lost by the discharge, less amounts earned by the employee during that period. This part of the order was also authorized by the Act. Section 10(c)." See, also, National Labor Relations Board v. Mackay Radio & Telegraph Co., 304 U.S. 333, 348, 58 S.Ct. 904, 82 L.Ed. 1381. The amounts in fact due each of the discharged employees can best

be determined by the parties involved, who can calculate the same by applying the standard set out in the Board's order. Only if they are unable to do so will it be necessary for the Board to fix the amounts.

. A decree enforcing the order of the Board will be entered.