BELL, Respondent, vs. PERSONNEL BOARD, Appellant.

*October 9—November 6, 1951.*

604

For the appellant there was a brief by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Roy*

G. *Tulane,* assistant attorney general, and oral argument by *Mr. Tulane* and *Mr. Honeck.*

For the respondent there was a brief by *Curran & Curran* of Mauston, and oral argument by *Charles P. Curran.*

CURRIE, J. Sec. 16.24 (1) (a), Stats., provides that a civil-service employee, such as Bell, shall not be discharged "except for just cause, which shall not be religious or political." Sec. 16.24 (1) (b) provides with respect to the action which the board shall take, in the event a civil-service employee appeals a discharge to it, that after public hearing the board "shall either sustain the action of the appointing officer, or shall reinstate the employee fully."

Ch. 16, Stats., does not provide that any findings of fact shall be made by the board in support of its decision on appeal but the provisions of sec. 227.13 require such findings of fact. This statute provides:

"Every decision of an agency in a contested case shall be in writing accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise and separate statement of the ultimate conclusions upon each contested issue of fact without recital of evidence."

The first question which confronts us is whether the findings of fact made by the board in this instance comply with the provisions of sec. 227.13, Stats.

An analysis of the findings of fact made by the board, which are set forth in the statement of facts preceding this opinion, discloses that findings 7, 8, 9, 10, and 11 are those which purport to relate to the question of whether Bell was discharged for "just cause."

Finding 7 is to the effect that friction had developed between Bell and Marcus over a considerable period of time with respect to questions of policy, judgment, and procedure, and the performance of the functions of Bell as director of the enforcement division of the Motor Vehicle Department,

and that Marcus is charged with the responsibility for the proper and efficient management of such department.

Findings 8, 9, 10, and 11 are all couched in the language that Marcus *"had reason to believe"* that Bell was guilty of such and such conduct.

We are of the opinion that findings 8, 9, 10, and 11 are defective and not the type of findings required under the provisions of sec. 227.13, Stats. In determining whether Bell was discharged for just cause it is not sufficient for the board to find that Marcus believed Bell was guilty of certain conduct, which, if true, would constitute just cause for the discharge; but rather, whether Bell actually did these things which the board has found that Marcus believed Bell did.

Having found that the board did not make proper findings of fact, this brings us to the second question of whether there is any substantial evidence in view of the entire record as submitted which would have sustained the decision of the board upholding Bell's discharge, if the board had made proper findings of fact. Sub. (d) of sec. 227.20 (1), Stats., provides that the trial court may reverse the decision of an administrative agency, such as the board, in the event its conclusions or decisions are "unsupported by substantial evidence in view of the entire record as submitted." We construe sec. 227.20, as applied to the fact situation in this case, to mean that the trial court must reverse the board's decision sustaining Bell's discharge if there is no substantial evidence, considering the entire record as a whole, which would establish that the discharge was made for just cause.

In the case of *Gateway City Transfer Co. v. Public Service Comm.* 253 Wis. 397, 405, 34 N. W. (2d) 238, this court stated in its opinion:

"The term 'substantial evidence' has been employed in a considerable number of states, defining the powers of ad-

ministrative boards and agencies. In *Edison Co. v. National L. R. Board* (1938), 305 U. S. 197, 229, 59 Sup. Ct. 206, 83 L. Ed. 126, the court dealt with this subject authoritatively. The court said:

" 'The companies contend that the court of appeals misconceived its power to review the findings and, instead of searching the record to see if they were sustained by "substantial" evidence, merely considered whether the record was "wholly barren of evidence" to support them. We agree that the statute, in providing that "the findings of the board as to the facts, if supported by evidence, shall be conclusive," means supported by substantial evidence. *Washington, V. & M. Coach Co. v. National Labor Relations Board,* 301 U. S. 142, 147. Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

In the *Gateway City Transfer Co. Case* this court also stated (p. 406) that "the term 'substantial evidence' does not include the idea of weight of evidence."

In the case of *Ray-O-Vac Co. v. Wisconsin E. R. Board,* 249 Wis. 112, 119, 23 N. W. (2d) 489, this court stated:

". . . that on a review of the board's findings, the court has no jurisdiction to determine the factual issues anew if there is some evidence before the board reasonably tending to support a finding, and 'the court may not weigh the evidence to ascertain whether it preponderates in favor of the finding' (*Wisconsin Labor R. Board v. Fred Rueping L. Co.* 228 Wis. 473, 494, 279 N. W. 673) ; or substitute its judgment for that of the board even though the court might have decided the question differently had it been before the court *de novo.*"

Upon the hearing before the board in this case, two hundred sixty-three pages of testimony were taken, and seventy-five exhibits were submitted. After a careful reading of the testimony and an examination of these exhibits, we are unable to reach the conclusion of the learned trial court that there is no substantial evidence which might sustain the decision of the board if it had made proper findings of

fact, and therefore the record must be returned to the board so that it may make proper findings of fact and a new decision based upon such new findings.

*By the Court.*—The judgment of the circuit court is reversed, with directions to return the matter to the Personnel Board for further proceedings in accordance with this opinion.