MAHONEY, Appellant, v. STATE PERSONNEL BOARD, Respondent.

*September 30—October 27, 1964.*

313

For the appellant there was a brief and oral argument by *Philip L. Kapell* of Madison.

For the respondent the cause was argued by *Robert J. Vergeront,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

FAIRCHILD, J. No permanent employee in the classified service may be suspended without pay or discharged except for just cause. There may be an appeal from the action of the appointing officer to the State Personnel Board.[1] The board must make findings of fact, and its decision may be reviewed under sec. 227.15, Stats., and succeeding provisions.[2]

It is undisputed that Mahoney's duties included window washing, and it is clear that if the findings of the board, previously quoted, are sustained by the evidence, the findings, in turn, support the conclusion (whether of ultimate fact or law) that Mahoney was discharged for just cause. The

---

[1] Sec. 16.24 (1) (a), Stats.

[2] *Bell v. Personnel Board* (1951), 259 Wis. 602, 606, 49 N. W. (2d) 889.

board found, in substance, that he deliberately and repeatedly refused to perform a duty of his employment, without excuse.

There was evidence that some of the windows in the building were not equipped with proper protection for a man washing them from the outside. Mr. Mahoney claims that he was being asked to wash these windows as well as others, thus endangering him, and his testimony would support that claim. Several representatives of the society testified, however, that the windows in question were certain second-floor windows which could be safely washed from balconies beneath them. The board resolved the conflict in testimony in favor of the society's position. The decision was supported by substantial evidence in view of the entire record.

Mr. Mahoney contended before the circuit court, and here, that sec. 16.29 (4), Stats., entitled him to different treatment. That section requires an appointing officer to transfer an employee to less arduous duties, or place him on a part-time basis, or retire him when the employee becomes physically incapable to perform his duties by reason of infirmities or disabilities.

At one point, on August 10th, after several refusals to perform the assigned task, without claiming any disability, Mahoney did claim a pain in the neck, and there is a doctor's report indicating that the doctor saw him later that day and prescribed treatment for myalgia of cervical muscles. He did not offer illness as an excuse for refusal to perform the work on August 27th. He did not mention to the personnel board that he based his appeal on sec. 16.29 (4), Stats. We conclude that he has failed to show the type of disability which would entitle him to the application of that section.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.