## NATIONAL LABOR RELATIONS BOARD v. PIEDMONT WAGON & MFG. CO.

No. 5902.

United States Court of Appeals Fourth Circuit.

Argued July 1, 1949.

Decided Aug. 22, 1949.

---

696

Edward D. Friedman, Attorney, National Labor Relations Board, Washington, D. C. (David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Fannie M. Boyls and George H. Plaut, Attorneys, National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

John W. Aiken, Hickory, N. C. (J. L. Murphy, Hickory, N. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges,

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board directing the Piedmont Wagon and Manufacturing Company to cease and desist from interference with the right of self-organization on the part of its employees and to offer reinstatement with back pay to one Cline, an employee found to have been discriminatorily discharged. Although charges of bias and prejudice were argued at length in the briefs, the only question before us is the sufficiency of the evidence to sustain the findings and order of the Board. Pittsburgh Steamship Co. v. N. L. R. B., 69 S.Ct. 1283; Eastern Coal Corp. v. N. L. R. B. 4 Cir., 176 F.2d 131; N. L. R. B. v. National Plastic Products Co., 4 Cir., 175 F.2d 755.

No purpose would be served by setting forth the evidence in detail. It is sufficient to say that, with regard to the charge of interference, there is evidence that officers or supervisory employees of respondent threatened bodily violence to a union organizer, threatened to close the plant if the union came in and engaged in open acts of surveillance and vilification of the union in the presence of employees. See N. L. R. B. v. Link-Belt Co., 311 U.S. 584, 588, 61 S.Ct. 358, 85 L.Ed. 368; N. L. R. B. v. Harris-Woodson Co., 4 Cir., 162 F.2d 97, 100; N. L. R. B. v. Collins & Aikman Corp., 4 Cir., 146 F.2d 454, 455; N. L. R. B. v. Asheville Hosiery Co., 4 Cir., 108 F.2d 288, 293; N. L. R. B. v. A. S. Abell Co., 4 Cir., 97 F.2d 951, 955, 956. With respect to the discharge of Cline, there is evidence that the discharge occurred on the day after he signed a union card; that no reason or explanation was given for his discharge even when inquiry was made as to the reason; and that respondent's president had said that he intended to discharge Cline because he had talked with the union organizer. There is evidence on the part of the respondent that Cline was discharged for cause; but the question of fact presented was one for the Board. As we said in the case of Hartsell Mills v. N. L. R. B., 4 Cir., 111 F.2d 291, 293: "It must be remembered, in this connection, that the question involved is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or to substitute their judgment for that of the Board."

Argument is made that enforcement of the Board's order should be denied because it contains erroneous statements of fact. It appears, however, that, except with respect to two matters the challenged statements are supported by evidence which the Board accepted, and that the statements which are not supported related to minor matters which could not reasonably have affected the result. This is manifestly no ground for denying enforcement of the Board's order. The question before us is whether the order is supported by sufficient findings of fact and whether these in turn are supported by substantial evidence. If so, it is immaterial that the Board may have made an erroneous statement as to some matter not necessary to support the decision.

The order of the Board will be enforced.

Order enforced.

O'Connell, Circuit Judge, dissented in part.