## NATIONAL LABOR RELATIONS BOARD v. PREMIER WORSTED MILLS.

### No. 6083.

United States Court of Appeals
Fourth Circuit.

Argued June 16, 1950.

Decided June 19, 1950.

Thomas McDermott, Attorney, National Labor Relations Board, Washington, D. C. (David P. Findling, Associate General Counsel; A. Norman Somers, Assistant General Counsel, and Norton I. Come, Attorney, National Labor Relations Board, all of Washington, D. C., on brief), for petitioner.

Thornton H. Brooks, Greensboro, N. C., and I. M. Bailey, Raleigh, N. C. (Bailey & Holding, Raleigh, N. C., and Brooks, McLendon, Brim & Holderness, Greensboro, N. C., on brief), for respondent.

Before PARKER, SOPER and DOBIE, Circuit Judges.

### PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board directing the Premier Worsted Mills to cease and desist from interference with the right of self organization on the part of its employees and to offer reinstatement with back pay to four employees found to have been discriminatorily discharged. The only question presented is the sufficiency of the evidence to sustain the findings and order of the Board; and we think there can be no doubt as to its sufficiency. It is analyzed at length in the report of the Trial Examiner approved by the Board, and no purpose would be served by repeating the analysis here. It is sufficient to say that there is ample evidence of surveillance of union activities, of interrogation of employees as to union membership, and of threats of economic reprisal engaged in by supervisory employees or employees occupying such a status as to justify the conclusion that they were acting for the employer. While the employer introduced evidence to the effect that the discharges were upon proper grounds, there was other evidence from which the conclusion of discriminatory discharge could properly be drawn, and in such case it is for the Board, not this Court, to say what the facts are. N. L. R. B. v. Piedmont Wagon & Mfg. Co., 4 Cir., 176 F.2d 695; Hartsell Mills Co. v. N. L. R. B., 4 Cir., 111 F.2d 291, 293. As said in the case last cited:

"It must be remembered, in this connection, that the question involved is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or to substitute their judgment for that of the Board."

We are asked to reexamine our decision in Eastern Coal Corp. v. N.L.R.B. 4 Cir. 176 F.2d 131, 135, but we find no occasion to do so. That decision was rendered after most careful consideration of the scope of review; and we entertain no doubt as to the correctness of the rule there laid down, viz.:

"* * * the court in reviewing the decisions is not empowered to weigh one bit of evidence against another with a view of determining which it will accept as true or to substitute its judgment for that of the Board in determining what ultimate facts are established by the circumstances in evidence. The court reviews the findings of the Board as it reviews the findings of a jury on a motion n. o. v., that is to say, the findings, like the verdict, must stand if there is substantial evidence in the record to support them."

The order of the Board will be enforced.

Order enforced.