## NATIONAL LABOR RELATIONS BOARD v. UNITED DISTILLERS OF AMERICA, Limited.

### No. 6239.

United States Court of Appeals Fourth Circuit.

Argued April 5, 1951.

Decided April 7, 1951.

William J. Avrutis, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Frederick U. Reel and Ruth V. Russell, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Alfred A. Colby, Washington, D. C., for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which found an employer guilty of the discriminatory discharge of an employee on account of union activity and contained the usual cease and desist and reinstatement provisions. The contention of the employer was that the employee was rightfully discharged for violation of a rule forbidding union activities on the employer's time and property; the contention of the Board, that he was discharged at the instance of the representative of one of the unions representing the employees at the plant because he was endeavoring to bring in a rival union. The question involved was a pure question of fact; and we cannot say that the findings of the Board are not supported by substantial evidence on the record considered as a whole. As we said in Hartsell Mills Co. v. N. L. R. B., 4 Cir., 111 F.2d 291, 293: "It must be remembered, in this connection, that the question involved

is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or to substitute their judgment for that of the Board."

The order of the Board will be enforced. Order enforced.