## NATIONAL LABOR RELATIONS BOARD v. ENGLISH MICA CO.

### No. 6393.

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1952.

Decided April 23, 1952.

Elizabeth W. Weston, Attorney, National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, all of Washington, D. C., and Rosanna A. Blake, Attorney, National Labor Relations Board, Takoma Park, Md., on brief), for petitioner.

Erle Phillips, Atlanta, Ga. (I. Walter Fisher, Atlanta, Ga., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which directs the English Mica Company of Spruce Pine, N. C., to cease and desist from interfering with the right of self organization on the part of its employees and to restore with back pay four employees found to have been discriminatorily discharged because of union membership and activities. Only with respect to its findings as to these employees is the order of the Board questioned; but we think that these findings, as well as the remainder of the Board's order, are amply supported by the evidence in the record considered as a whole.

Respondent contends that three of the employees were properly discharged because they left their employment without respondent's consent to attend a representation hearing and the fourth because of failure to report for duty. There is evidence in the record, however, that two of the three employees had been granted leaves of absence to attend the representation hearing when it was scheduled to be held in a distant city and that, after the place of hearing had been changed to Spruce Pine, the absence of the employees in attending it without formally obtaining leaves of absence was no more than was allowed by the custom of the company, which permitted absence by employees for brief periods when they could arrange, as was done here, for their duties to be attended to by their fellow employees. There was evidence, also, that one of the employees applied to the superintendent for leave to attend the hearing and was told to go ahead and that the other two

were present when this consent 'was given and were in an automobile on their way to the hearing. As to the fourth employee, the evidence was that he failed to report because of illness and that the foreman proceeded to fill his place at once and made no effort to reinstate him when it was discovered almost immediately thereafter that his absence was due to illness.

 All four employees had been employed by respondent for considerable periods of time, one for more than eight years. They had been active in a union organizational campaign to which respondent was much opposed, however, and the superintendent had boasted that sooner or later he would "get shed" of union members. Whether, in view of all the circumstances, the discharges were in good faith for the reasons given or whether these were mere pretexts for discharge on the real ground of union membership and activity was a question to be decided by the Board upon the conflicting evidence and the conflicting inferences to be drawn therefrom. We cannot say that its findings are without support in the record considered as a whole. As we said in Hartsell Mills Co. v. N. L. R. B., 4 Cir., 111 F. 2d 291, 293:

"It must be remembered, in this connection, that the question involved is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of· discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or to substitute their judgment for that of the Board."

See also N. L. R. B. v. United Distillers of America, 4 Cir., 188 F.2d 353; N. L. R. B. v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840, 843; N. L. R. B. v. Dixie Shirt Co., 4 Cir., 176 F.2d 969, 973–974; N. L. R. B. v. Piedmont

Wagon & Mfg. Co., 4 Cir., 176 F.2d 695, 696; N. L. R. B. v. Harris-Woodson Co., 4 Cir., 162 F.2d 97, 101.

The order of the Board will be enforced.

Order enforced.