**NATIONAL LABOR RELATIONS BOARD v. ROXBORO COTTON MILLS.**

No. 6487.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 12, 1952.

Decided Dec. 31, 1952.

Owsley Vose, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Maurice Alexandre, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Whiteford S. Blakeney, Charlotte, N. C. (Richard G. Long, Roxboro, N. C., and Pierce & Blakeney, Charlotte, N. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board. The respondent is the Roxboro Cotton Mills which was found by the Board to have restrained and coerced its employees in violation of section 8(a) (1) of the Labor Management Relations Act, 29 U.S.C.A. § 158(a) (1), and to have discriminated against three of them with respect to hire and tenure of employment in violation of 8(a) (3) of the act. The facts are fully set forth in the decision and order of the Board and the intermediate order of the trial examiner and need not be repeated here. There is little controversy as to the sufficiency of the evidence to sustain the 8(a) (1) violations. We think that the findings as to the 8(a) (3) violations are likewise sustained by substantial evidence on the record considered as a whole. The three men who were the subjects of the alleged discriminatory treatment by respondent had been in its service for many years. Two of them were prominent in organizing a union to which the respondent was opposed and the third was vocal in support of the union and had been engaged in soliciting members for it. Two of the employees were discharged, according to the Board's findings, on flimsy pretexts, and there is evidence which reasonably supports the findings; the third, who had been weakened by an operation, was put at work which he was unable to do, and there is evidence that he was threatened by a supervisory employee that this would happen if he persisted in joining the union. Respondent relies upon excerpts from the testimony which support its action with respect to these employees; but, when the record is considered as a whole, there is substantial evidence of threats and of circumstances from which the conclusion of

discriminatory conduct on the part of respondent can reasonably be drawn.

The order will be enforced.

Order Enforced.

SOPER, Circuit Judge (concurring).

I concur in the result. See concurring opinion in N. L. R. B. v. Southland Mfg. Co., 4 Cir., 201 F.2d 244.