**NATIONAL LABOR RELATIONS BOARD v. SOUTHLAND MFG. CO.**

No. 6486.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 12, 1952.

Decided Dec. 31, 1952.

Mary E. Williamson, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Richard E. Wardlow and F. Grainger Pierce, Charlotte, N. C. (W. S. Blakeney and Pierce & Blakeney, Charlotte, N. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

■ This is a petition to enforce an order of the National Labor Relations Board which directed the Southland Manufacturing Company of Wilmington, N. C., to cease and desist from certain unfair labor practices and to restore with back pay four employees found to have been discriminatorily discharged because of union membership and activities. The company resisted enforcement of the order on the ground that it was not supported by substantial evidence. We think that it was so supported. The facts are fully set forth in the decision and order of the Board and the intermediate report of the trial examiner and need not be repeated here. It is sufficient to say that, upon consideration of the whole record, there is substantial evidence to support the findings of the Board to the effect that, upon an attempt being made to organize the company's employees, it engaged, through its supervisory employees, in interrogations, threats and coercion, in violation of 8(a) (1) of the Labor Management Relations Act, 29 U.S.C.A. § 158(a) (1), for the purpose of preventing their organization, and in violation of 8(a) (3) of the act discharged on account of union membership and activities, four of them who had long periods of service. The company does not seriously contest the findings as to the 8 (a) (1) violations but denies that the four employees were discharged in violation of 8(a) (3).

■ Upon review of the Board's action, we do not try the facts as a trial court nor do we review them as upon an appeal in equity. Our function is limited to determining upon the record, considered as a whole, whether the findings of the Board are supported by substantial evidence, i. e., by evidence which presents a substantial basis for the findings. The questions presented as to the discharges are pure questions of fact and we cannot say that the findings of the Board are without support by substantial evidence on the record considered as a whole. As we said in Hartsell Mills Co. v. N. L. R. B., 4 Cir., 111 F.2d 291, 293:

"It must be remembered, in this connection, that the question involved is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts as they are without power to find facts or to substitute their judgment for that of the Board."

See also N. L. R. B. v. English Mica Co., 4 Cir., 195 F.2d 986; N. L. R. B. v. United Distillers of America, 4 Cir., 188 F.2d 353; N. L. R. B. v. Greensboro Coca Cola Bot-

tling Co., 4 Cir., 180 F.2d 840, 843; N. L. R. B. v. Dixie Shirt Co., 4 Cir., 176 F.2d 969, 973–974; N. L. R. B. v. Piedmont Wagon & Mfg. Co., 4 Cir., 176 F.2d 695, 696; N. L. R. B. v. Harris-Woodson Co., 4 Cir., 162 F.2d 97, 101.

■ The difference between review in equity, or in law of a case heard without a jury, and the review of an order of an administrative agency, is that in the former case we are given power to review the facts, whereas, in the latter, our power is limited to setting aside the findings of the agency if not supported by substantial evidence. In the one case we review the facts, in the other the sufficiency of the evidence to sustain the agency's findings. If Congress had intended to give a power of review similar to that on appeals in equity, it knew perfectly well how to do so, as shown by the provision for review of Tax Court decisions. See 26 U.S.C. § 1141(a), as amended. The proposition was fully considered and was rejected because the effect of its adoption would have been to destroy the unified administration attained by the creation of a single agency and to make of the eleven courts of appeals eleven super agencies. Adequate judicial review was granted when the courts were given power to determine whether the findings of the agency have substantial support in the record considered as a whole; and it should be noted that such determination is analogous to the other powers of review vested in the courts of appeals with respect to agency action, all of which are designed to grant redress against action which is illegal or arbitrary. See 5 U.S.C.A. § 1009(e).

When Congress used the test of "substantial" evidence, it was not legislating in a vacuum. The term was well understood and had been recently defined by the Supreme Court, speaking through Chief Justice Hughes, in Consolidated Edison Co. v. N. L. R. B., 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126. It was there said "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". In support of that definition, the court cited the decision of this court in Appalachian Electric Power

Co. v. N. L. R. B., 4 Cir., 93 F.2d 985, 989, where we said:

"We are bound by the Board's findings of fact as to matters within its jurisdiction, where the findings are supported by substantial evidence; but we are not bound by findings which are not so supported. 29 U.S.C.A. § 160(e) (f); Washington, Virginia & Maryland Coach Co. v. National Labor Relations Board, 301 U.S. 142, 57 S.Ct. 648, 650, 81 L.Ed. 965. The rule as to substantiality is not different, we think, from that to be applied in reviewing the refusal to direct a verdict at law, where the lack of substantial evidence is the test of the right to a directed verdict. In either case, substantial evidence is evidence furnishing a substantial basis of fact from which the fact in issue can reasonably be inferred; and the test is not satisfied by evidence which merely creates a suspicion or which amounts to no more than a scintilla or which gives equal support to inconsistent inferences."

The National Labor Relations Act, section 10(e) provided that the findings of the Board if supported by "evidence" should be conclusive. The Supreme Court interpreted this to mean "substantial" evidence and defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". In section 10(e) of the Labor-Management Relations Act the language of section 10(e) of the earlier statute was amended by inserting the word "substantial" and providing that the record as a whole should be considered, so that the provision now reads "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive". 29 U.S.C.A. § 160(e) as amended.

The provision that the record shall be considered as a whole does not provide for review of the facts as in equity or anything analogous to such review. It simply means that, in determining whether or not the findings are supported by substantial evidence, the court shall look to the whole record and not to isolated portions thereof,.

as had been the practice of some courts, but not of this court. Evidence of circumstances, considered without reference to other circumstances appearing in the record, might well tend to support a conclusion but have no such tendency when considered in the light of other portions of the record. The requirement of the statute is that the whole record be considered in determining what conclusions can reasonably be drawn from the evidence relied on, not that the court shall attempt to pass on the credibility of witnesses or find the facts anew from the preponderance of the evidence. As we said in Eastern Coal Corp. v. N. L. R. B., 4 Cir., 176 F.2d 131, 135:

> "Our conclusion is that although the Board is warned to decide labor controversies upon the whole record and in accordance with the preponderance of the evidence, the court in reviewing the decisions is not empowered to weigh one bit of evidence against another with a view of determining which it will accept as true or to substitute its judgment for that of the Board in determining what ultimate facts are established by the circumstances in evidence. The court reviews the findings of the Board as it reviews the findings of a jury on a motion n. o. v., that is to say, the findings, like the verdict, must stand if there is substantial evidence in the record to support them."

There is nothing to the contrary in Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 459, 95 L.Ed. 456. The court there speaks of the dissatisfaction arising out of the view that the isolated portions of the record, apart from the record as a whole, might be considered in applying the substantial evidence rule, saying:

> "The very smoothness of the 'substantial evidence' formula as the standard for reviewing the evidentiary validity of the Board's findings established its currency. But the inevitably variant applications of the standard to conflicting evidence soon brought contrariety of views and in due course bred criticism. Even though the whole rec-

ord may have been canvassed in order to determine whether the evidentiary foundation of a determination by the Board was 'substantial,' the phrasing of this Court's process of review readily lent itself to the notion that it was enough that the evidence supporting the Board's result was 'substantial' when considered by itself. It is fair to say that by imperceptible steps regard for the fact-finding function of the Board led to the assumption that the requirements of the Wagner Act were met when the reviewing court could find in the record evidence which, when viewed in isolation, substantiated the Board's findings. Compare Labor Board v. Waterman Steamship Corp., 309 U.S. 206, 60 S.Ct. 493, 84 L.Ed. 704; Labor Board v. Bradford Dyeing Ass'n, 310 U.S. 318, 60 S.Ct. 918, 84 L. Ed. 1226; and see Labor Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305. This is not to say that every member of this Court was consciously guided by this view or that the Court ever explicitly avowed this practice as doctrine. What matters is that the belief justifiably arose that the Court had so construed the obligation to review."

The standard laid down by the court in that case for determining the substantiality of evidence on the whole record is that which has long obtained in determining the sufficiency of evidence to support a verdict. It is summarized in the following portions of the opinion:

> "Whether or not it was ever permissible for courts to determine the substantiality of evidence supporting a Labor Board decision merely on the basis of evidence which in and of itself justified it, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn, the new legislation definitively precludes such a theory of review and bars its practice. The substantiality of evidence must take into account whatever in the record fairly detracts from its weight. This is clearly the significance of the requirement in both

statutes that courts consider the whole record. Committee reports and the adoption in the Administrative Procedure Act of the minority views of the Attorney General's Committee demonstrate that to enjoin such a duty on the reviewing court was one of the important purposes of the movement which eventuated in that enactment.

"To be sure, the requirement for canvassing 'the whole record' in order to ascertain substantiality does not furnish a calculus of value by which a reviewing court can assess the evidence. Nor was it intended to negative the function of the Labor Board as one of those agencies presumably equipped or informed by experience to deal with a specialized field of knowledge, whose findings within that field carry the authority of an expertness which courts do not possess and therefore must respect. Nor does it mean that even as to matters not requiring expertise a court may displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo. Congress has merely made it clear that a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view."

There is no real difference between the function of the court as outlined in the passage just quoted and its function under the rule that a verdict should not be allowed to stand against a motion for judgment n. o. v. unless supported by evidence which a reasonable mind might accept as adequate to support a conclusion, or the rule that verdict should be directed where the evidence is all one way or so nearly one way that reasonable men could not doubt what the facts are. In either case, the duty is not one of finding the facts but of appraising the evidence and of determining whether it furnishes a substantial basis for the finding of fact sought to be predicated thereon.

The Supreme Court recognized that many courts had been following the practice which it prescribed, saying:

"From this it follows that enactment of these statutes does not require every Court of Appeals to alter its practice. Some—perhaps a majority—have always applied the attitude reflected in this legislation. To explore whether a particular court should or should not alter its practice would only divert attention from the application of the standard now prescribed to a futile inquiry into the nature of the test formerly used by a particular court."

This court has never taken any other view than that the substantiality of the testimony to support the Board's findings must be determined from the record considered as a whole. The question here is, whether in considering the whole record, there is substantial evidence of circumstances from which the conclusion of discriminatory discharge can legitimately be drawn. We think that there unquestionably is such evidence, and this would be our conclusion even if the record were reviewed as in equity, since we could not say that the Board's findings were clearly wrong. We wish to make it clear, however, that the courts have not fallen into the Serbonian bog, which Congress so carefully avoided, of adopting the rule applicable in equity appeals for reviewing administrative agency action.

The order of the Board will be enforced. Order enforced.

SOPER, Circuit Judge (concurring).

I concur in the result, although the decision of the Board on the facts, particularly with respect to the award of back pay to certain discharged employees, comes close to the boundaries within which it becomes the duty of a Court of Appeals to refuse enforcement of a Board order. Something, however, may be added to the opinion of the court with respect to the function of the appellate court in passing upon the findings of fact of the Labor Board in a case.

of this kind. An adequate understanding of the matter can hardly be obtained from broad statements to be found in cases which were decided before the passage of the Administrative Procedure Act of 1946, 5 U.S. C.A. § 1001 et seq., and the Taft-Hartley Act of 1947, 29 U.S.C.A. § 151, &c., or without taking into consideration the decision of the Supreme Court in Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, in which these statutes were given an authoritative interpretation.

We learn from these sources that the scope of the power of the Court of Appeals to review the findings of fact of the Labor Board was extended by the provision of Sec. 10(e), 5 U.S.C.A. § 1009(e), of the Administrative Procedure Act, that the court should set aside administrative findings unsupported by substantial evidence to be sought by a review of the whole record of the case, and by the provision of Sec. 101 (c) of the Taft-Hartley Act, 29 U.S.C. A. § 160 (e), that on review the findings of fact of the Board, "if supported by substantial evidence on the record considered as a whole shall be conclusive."

The court interpreted these broad phrases in the light of the purpose of Congress, manifested in its debates, to meet the public criticism that in some cases administrative agencies, including the Labor Board, had relied upon suspicion, surmise and incredible evidence in making their findings, and the reviewing courts had failed to make adequate use of their corrective power. The court said that Congress had left "no room for doubt as to the kind of scrutiny which a court of appeals must give the record before the Board to satisfy itself that the Board's order rests on adequate proof"; and that in considering the substantiality of the evidence the court "must take into account whatever in the record fairly detracts from its weight"; and that the court should set aside a Board decision when it cannot conscientiously find that the evidence supporting the decision is substantial when viewed in the light of the whole record, including the evidence opposed to the Board's view.

The court reached the final conclusion that the two statutes directed the courts to assume more responsibility for the reasonableness and fairness of Labor Board decisions than some courts have shown in the past, and admonished the courts that they should not abdicate their conventional judicial function, and although the Board's findings are entitled to respect, they must be set aside "when the record before a Court of Appeals clearly precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both." [1]

4. See the following paragraphs from the Court's opinion, 340 U.S. at pages 488, 490, 71 S.Ct. at page 465.

"To be sure, the requirement for canvassing 'the whole record' in order to ascertain substantiality does not furnish a calculus of value by which a reviewing court can assess the evidence. Nor was it intended to negative the function of the Labor Board as one of those agencies presumably equipped or informed by experience to deal with a specialized field of knowledge, whose findings within that field carry the authority of an expertness which courts do not possess and therefore must respect. Nor does it mean that even as to matters not requiring expertise a court may displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo. Congress has merely made it clear that a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view.

\* \* \* \* \* \* \*

"We conclude, therefore, that the Administrative Procedure Act and the Taft-Hartley Act direct that courts must now assume more responsibility for the reasonableness and fairness of Labor Board decisions than some courts have shown in the past. Reviewing courts must be influenced by a feeling that they are not to abdicate the conventional judicial function. Congress has imposed on them responsibility for assuring that the Board keeps within reasonable grounds. That responsibility is not less real because it

By this decision the Supreme Court in effect overruled decisions of the Courts of Appeals of this and four other circuits, which were in agreement that the two statutes had made no material change in the reviewing power. See 340 U.S. 476, Note 1, 71 S.Ct. 456. Decisions of the Supreme Court itself, it was noted, may have led to this end. But it is now obvious that we may not continue to apply the rules which we announced in West Virginia Glass Specialty Co. v. N. L. R. B., 4 Cir., 134 F.2d 551, before the Acts of 1946 and 1947 were passed, and which we repeated in Eastern Coal Corp. v. N. L. R. B., 4 Cir., 176 F.2d 131, after these statutes were enacted. Specifically we may not say that the findings of fact of the Board must be sustained unless the supporting evidence is so weak that we would direct a verdict if the case had been tried by a jury; and we may not say broadly that it is beyond our power to inquire whether the findings are so clearly erroneous that an injustice has been done, or that we are not permitted in any case to substitute our judgment for that of the Board.

True it is that the judgment of the Board is entitled to respect, and weight must be given to its expertness in its specialized field and we may not try the case *de novo* or displace the Board's choice between two fairly conflicting views; yet we must exercise our independent judgment and substitute it for that of the Board's if it is clear to us that the Board has not made a fair estimate of the worth of the testimony or we cannot conscientiously find that the supporting evidence is substantial when viewed in the light supplied by the entire record, including the evidence opposed to the Board's view. Indeed it is difficult to draw the line between the function of an appellate court in passing upon the decision of a trial judge sitting without a jury in an action at law or in a suit in equity, on the one hand, and the function of the court in

is limited to enforcing the requirement that evidence appear substantial when viewed, on the record as a whole, by courts invested with the authority and enjoying the prestige of the Courts of Appeals. The Board's findings are entitled to respect; but they must nonetheless be

reviewing the decision of an administrative tribunal on the other. The decision of a trial court must be sustained in any case unless it is clearly erroneous, and its greater opportunity to learn the truth based upon its more intimate contact with the case must be respected. In like manner the conclusions of the administrative body and its expertness may not be lightly set aside; but they too may not be given effect if they are so erroneous or so unjust as to shock the conscience of the court. The mental processes of the reviewing authority which are called into action in each situation are so similar that they can hardly be distinguished.