**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SOUTHERN DESK COMPANY, Respondent.**

**No. 7405.**

United States Court of Appeals Fourth Circuit.

Argued June 5, 1957.

Decided July 2, 1957.

William W. Watson, Atty., N. L. R. B., Washington, D. C. (Jerome D. Fenton, Gen. Counsel., Stephen Leonard, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Frederick U. Reel, Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Young M. Smith, Hickory, N. C. (Blakeney & Alexander, Charlotte, N. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board for a decree enforcing an order which found the Southern Desk Company guilty of an unfair labor practice in the discriminatory discharge of an employee, one Marvin L. Bumgarner, and ordered the company to cease and desist from such practices and reinstate Bumgarner with back pay. The facts are fully set forth in the Report of the Trial Examiner and the Decision and Order of the Board and need not be repeated here. Bumgarner had been in the service of the company for more than five years and had been advanced in position and wages until at the time of his discharge he was one of the highest paid employees of the company. When a labor union attempted to organize the employees, he was one of the leading protagonists for the union, represented it in a pre-election conference with the company to check the voting lists and acted as a union observer at the election, which was lost by the union. Nine days after the election he was discharged because of defective work turned out by the machine of which he was in charge. He claimed that this was due to a defect in the machine; but the company acted without notice and without warning, notwithstanding his long period of satisfactory service. In holding that the discharge was discriminatory and for the purpose of discouraging union membership and that the reasons given by the company for the discharge were a mere pretext, the Board said:

"The record is clear that the Respondent's officers had knowledge of Bumgarner's prominent role in the Union's organizing campaign. There is no dispute that the Respondent was opposed to the Union's organizational efforts. In the year preceding the election, Bumgarner's machine had frequently produced defective work without any complaint, reprimand or disciplinary action be-

ing taken against him. Moreover, the record is replete with evidence showing that other employees in the same department had on a number of occasions committed errors which resulted in considerable monetary loss to the Respondent. Such errors, unlike those of Bumgarner, were never made the occasion for disciplinary action, but were invariably condoned by the Respondent. The record does not show that the last three errors charged to Bumgarner resulted in any appreciable monetary loss to the Respondent. On the contrary, the record shows with respect to at least one of the defective lots that the defects were corrected by two men working on a band saw for about 50 minutes, at an expense to the Employer of certainly not more than $3. These facts, taken together with the timing of the discharge immediately following the election, the abruptness of the discharge without prior warning and the revealing remark of Foreman Vaughn with respect to Bumgarner having his mind on other matters, make it apparent that the Respondent discharged Bumgarner not for the purpose of promoting more efficient operations, but for the purpose of eliminating from the scene a known union protagonist, so as to discourage further union activity of its employees. Accordingly, we find, in agreement with the Trial Examiner, that the Respondent discriminatorily discharged Bumgarner."

We cannot hold the Board's action to be without substantial support in the record before us. As we said in Hartsell Mills Co. v. N. L. R. B., 4 Cir., 111 F.2d 291, 293:

"It must be remembered, in this connection, that the question involved is a pure question of fact; that, in passing upon it, the Board may give consideration to circumstantial evidence as well as to that which is direct; that direct evidence of a purpose to violate the statute is rarely obtainable; and that where the finding of the Board is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or to substitute their judgment for that of the Board."

See also N. L. R. B. v. English Mica Co., 4 Cir., 195 F.2d 986, 987; N. L. R. B. v. Southland Mfg. Co., 4 Cir., 201 F.2d 244, 245–246.

The order of the Board will be enforced.

Order enforced.