## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## SPARTANBURG SPORTSWEAR COMPANY, Respondent.

### No. 7439.

United States Court of Appeals Fourth Circuit.

Argued June 12, 1957.

Decided July 2, 1957.

Robert E. Manuel, Atty., N. L. R. B., Washington, D. C. (Jerome D. Fenton, Gen. Counsel, Stephen Leonard, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Samuel M. Singer, Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Whiteford S. Blakeney, Charlotte, N. C. (William H. Rosenfeld, Cleveland, Ohio, Ernest W. Machen, Jr., and Blakeney & Alexander, Charlotte, N. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

## PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which found that the Spartanburg Sportswear Company had been guilty of unfair labor practices in questioning employees as to union membership and discriminatory discharge of two employees for union membership and activities. The questioning of employees in the course of an organizational campaign is well established by the testimony. The discharges were of employees prominent in the movement to establish the union. They were shown to be highly competent persons and the reasons given for their discharge are not convincing, particularly in the light of the strong anti-union attitude of the company. The facts are fully set forth in the Report of the Trial Examiner and the Decision and Order of the Board and need not be repeated here. The questions involved are pure questions of fact; they may be established by circumstantial evidence as well as by that which is direct; and where the finding of the Board, as here, is supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn, it is binding upon the courts, as they are without power to find facts or substitute their judgment for that of the Board. Hartsell Mills Co. v. N. L. R. B., 4 Cir., 111 F.2d 291, 293; North Carolina Finishing Co. v. N. L. R. B., 4 Cir., 133 F.2d 714, 718; Eastern Coal Corp. v. N. L. R. B., 4 Cir., 176 F.2d 131, 133. As said by us in the case last cited:

"To analyze in detail the circumstances surrounding each of the six discharges would unduly prolong this opinion; and there is no occasion to do so, as the facts are fully set forth in the report of the trial examiner and are reviewed in the order of the Board, where they may be read by those who are interested. There was evidence to support the position of the company, but it was for the Board, not us, to say what of the evidence was to be believed and what facts were established by it. The ultimate question in the case, the question as to the real reason for the discharges, was a question of fact for the Board; and, in the light of all the evidence, we cannot say that the Board's action was without substantial support."

See also N. L. R. B. v. Southern Desk Co., 4 Cir., 246 F.2d 53; N. L. R. B. v. Southland Mfg. Co., 4 Cir., 201 F.2d 244, 245; N. L. R. B. v. English Mica Co., 4 Cir., 195 F.2d 986; N. L. R. B. v. United Distillers of America, 4 Cir., 188 F.2d 353; N. L. R. B. v. Greensboro Coca-Cola Bottling Co., 4 Cir., 180 F.2d 840, 843; N. L. R. B. v. Dixie Shirt Co., 4 Cir., 176 F.2d 969, 973–974; N. L.

R. B. v. Piedmont Wagon & Mfg. Co., 4 Cir., 176 F.2d 695, 696; N. L. R. B. v. Harris-Woodson Co., 4 Cir., 162 F.2d 97, 101.

The Board's order will be enforced.

Order enforced.