**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SPARTANBURG SPORTSWEAR COM- PANY, Respondent.**

**No. 7439.**

United States Court of Appeals
Fourth Circuit.

Argued April 25, 1960.

Decided April 28, 1960.

Paul Elkind, Atty., N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, and Louis Schwartz, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for Petitioner.

Whiteford S. Blakeney, Charlotte, N. C. (Blakeney, Alexander & Machen, Charlotte, N. C., on the brief), for respondent.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

The present phase of this proceeding was begun by the filing on behalf of the National Labor Relations Board of a petition praying that the Spartanburg Sportswear Company, its officers and agents, be adjudged in civil contempt because of their alleged disobedience of and refusal and failure to comply with the decree of this court entered on July 2, 1957. It was charged in the Board's petition that the company and its officers committed contempt in not reinstating in good faith Louise Lindsey and Virginia Dixon, whose discharge we had previously adjudicated an unfair labor practice and whose reinstatement we had ordered. N. L. R. B. v. Spartanburg Sportswear Co., 4 Cir., 1957, 246 F.2d 366.

 We referred the matter to Rufus M. Ward, Esq., of Spartanburg, South Carolina, as Special Master, who took two days of testimony and filed a comprehensive report of his findings. The Master's conclusion was that the Board failed to meet the burden resting upon it to show by clear and convincing proof that the company had violated the decree of this court in any particular except in its failure to make payment of vacation pay to Louise Lindsey. The payment, while delayed, was, however, made before the hearings were begun before the Master. In all other respects the Master exonerated the company. In the case of Lindsey, although she was subjected to abuse by fellow employees,

the Master held the evidence insufficient to base a conclusion that the employer connived at or sanctioned such mistreatment. Whatever cause she had for complaint ceased in a few weeks, and she did retain her job until recently when she left for reasons of her own unconnected with the events complained of. In the case of Dixon, who was dismissed two days after her reinstatement, the Master concluded that her unseemly and vituperative language to the plant manager warranted her dismissal. While the evidence was in conflict and there was room for opposing inferences, it was for the Master to resolve the factual questions. Under familiar principles it is our duty in such circumstances to affirm his report. N. L. R. B. v. Standard Trouser Co., 4 Cir., 1947, 162 F.2d 1012, 1014.

The Master's report is affirmed and the petition for adjudication in civil contempt is denied.