Ernest H. THORNE, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

No. J 60 C 42.

United States District Court
E. D. Arkansas,
Jonesboro Division.

Dec. 27, 1960.

**520**

Bill Penix, Penix & Penix, Jonesboro, Ark., for plaintiff.

Osro Cobb, U. S. Atty., by James Gallman, Little Rock, Ark., for defendant.

YOUNG, District Judge.

The claimant, Ernest H. Thorne, is 74 years old and has been self-employed as a livestock broker on and off for the past forty years. In 1958 he learned of payments under the self-employment provisions of the Social Security Act, 42 U.S. C.A. §§ 401–425. He engaged an accountant, who filed income tax returns for him for the years 1955, 1956, 1957 and 1958. He now claims he is entitled to social security payments for these years.

The Hearing Examiner concluded that "the information supplied by claimant and his witnesses is wholly inadequate to provide a reasonably sound basis for concluding that claimant realized net earnings from self-employment in the amount necessary to entitle him to any quarters of coverage * * * "

The claimant kept no records of his business transactions. His income for these years was computed from one known figure, the sales by him of livestock to the Rector Auction Sale Barn. These figures were estimated to be 45% of his total business. They were then projected to obtain his gross sales for each year in question. Twenty per cent of this total was estimated to be profit on the sales.

The claimant also attempted to establish his income by the "net worth" method. Pursuant to this he introduced his bank balance at the beginning and end of each year. He also introduced an affidavit setting forth the following real estate transactions: 1955, sold his farm for $4,000 cash and a $3,000 promissory note due in five years; 1956, purchased a filling station and a home for $4,000 each and made improvements on both at a cost of $1,000, and purchased a truck for $1,000; 1957, sold the filling station for $4,500 and purchased a home for $1,000 and sold it for $1,400.

■ The percentage computation used for the income tax returns is too speculative to be of any aid in determining income. Ignoring the fact that only partial records of gross sales were available, there is nothing but speculation to indicate that claimant made any profits on the transactions.

■ The evidence also failed to establish income on a net worth calculation. He never established his net worth in 1955, much less at the end of 1958. It is therefore impossible to make even an estimate of income. Between the years in question, Mr. Thorne traded in real estate and apparently made a profit. He no doubt had living expenses, but no evidence as to the amount was offered. It is impossible to tell from the record whether Mr. Thorne lived on profits from his real estate transactions, from his livestock business, from capital, or from a combination of all.

For the foregoing reasons, the Hearing Examiner is hereby affirmed.