Charles J. JAMES, Bernard J. James, Margaret E. James, Mary B. James, Minors, by their next friend and natural father, Olin M. James, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 13071-1.

United States District Court
W. D. Missouri, W. D.

April 25, 1962.

Morris & Lay, Kansas City, Mo., for plaintiff.

F. Russell Millin, U. S. Dist. Atty., and Calvin K. Hamilton, Asst. U. S. Dist. Atty., for defendant.

OLIVER, District Judge.

This is an action filed pursuant to 42 U.S.C.A. § 405(g), for judicial review of a final decision of the Secretary of Health, Education and Welfare. The issue presented to the Hearing Examiner was whether the claimant is entitled to child's insurance benefits on behalf of minor children under the provision of Section 402(d) of the Social Security Act. His deceased wife was the wage earner. The children involved are those of plaintiff and his deceased wife. The question resolved itself as to whether the wage earner had a currently insured status under Section 214(b), which in turn, depended upon whether she had creditable self-employment income for the year 1955.

The transcript certified to this Court reveals that plaintiff and his wife became the sole owners of a family retail store dealing in religious books and articles in March, 1954. The store was operated as a partnership. It is clear, however, from plaintiff's own testimony that he knew nothing about the conduct of the business and did not participate in its management. Plaintiff's and his wife's joint income tax returns reported self-employment earnings for the wife wage earner of $1589.47 for the year 1954; $385.04 for the year 1955 and a self-employment loss of $5,123.38 for the

year 1956. On August 15, 1957, and after his wife's death, plaintiff filed an amended income tax return for the year 1955 on the theory that thirteen checks totaling $552.00, payable to "Cash", represented additional self-employment income received by his wife during the calendar year 1955. Plaintiff did not file an amended Form 1065 but merely amended Form 1040. Plaintiff testified that this was done in accordance with advice that he received from the Internal Revenue Service.

The Hearing Examiner determined "based on the evidence in its entirety that the wage earner (Mary E. James) had no creditable self-employment income for 1955 and did not have a currently insured status at the time of her death. He further found that "it follows that the wage earner's children may not be deemed to have been dependent upon her at the time of her death". The decision of the Hearing Examiner was that "the claimant was not entitled to child's insurance benefits on behalf of the above named children based on the earnings record of Mary E. James". The Appeals Council denied a request for review.

In his complaint in this Court, plaintiff alleges that the findings were not supported by substantial evidence and that the findings were therefore arbitrary and capricious. Plaintiff further alleged that the Referee failed to consider certain capital contributions that had been made by him to the partnership and certain withdrawals made by his deceased wife "all of which have resulted in Mary E. James receiving over $400 in self-employment income for the year 1955".

This case now pends on defendant's motion for summary judgment. In plaintiff's suggestions in opposition to that motion he reiterates that the decision is not supported by substantial evidence, contending that the administrative decision ignored evidence favorable to the claimants. Specifically, the thirteen checks, all signed "B. Muller.— Thym & Co.—M. E. James" (the name of the partnership composed of plaintiff's deceased wife and plaintiff which operated the book store), all payable to "Cash", and totaling $552.00, were not considered. Second, plaintiff contends that the decision failed to take into consideration a $750.00 loan made to the partnership by the plaintiff, a portion of which plaintiff testified had been repaid. Thirdly, that the decision failed to consider certain items of money allegedly paid the minor children by their mother as shown on the ledger including an item of $82.20 allegedly paid a babysitter during the year 1955.

The Hearing Examiner found that:

"The claimant readily admitted that he knew nothing about the running of the store and took no active interest in its operation. In preparing the income tax returns he accepted his wife's figures and made no effort to check them. Later, in going through the record, he came across the thirteen checks in question and concluded that they must have been written by the wage earner for her personal use. At the hearing the claimant offered no new or material evidence to show that such was the case. He stated that the store records are voluminous; that he is not an accountant and could not make a competent audit of the records; that the records are still available in the basement of his house and that he would welcome an audit by the Internal Revenue Service or Social Security Administration. The claimant bases his entire case on a contention that the $552 represented by the thirteen checks made to cash in 1955 constituted withdrawals by the wage earner for her personal use. In making a claim for benefits the burden of proof is always on the claimant to establish a fact alleged. In the instant case there is no evidence of record to establish that the $552 was withdrawn by the wage earner in 1955 for her personal use, and the hearing examiner so finds."

In this Court plaintiff concedes and contends that:

"The whole problem is that neither Olin M. James nor the hearing examiner can tell from the work sheets and exhibits just what are the correct total or final figures.

\* \* \* \* \* \*

"The burden of proof is on claimants, but they are minor children and by coming forward with the checks showing withdrawals of $552.00 and by showing the Court that the government has purposely avoided considering the $750.00 loan to capital from Olin M. James, the claimants have made a sufficient showing to justify a finding that the wage earner had over $400.00 self-employment income for 1955. Also, the amended tax return for 1955 is further evidence especially when additional tax and self-employment tax were actually paid in. (Tr. 59, 62).

"The wage earner's lips are sealed and the various work sheets furnished are not conclusive, most especially when they fail to reflect the $552.-00 in cash withdrawals by Mary E. James."

The scope of judicial review by this Court is a limited review under 42 U.S.C.A. § 405(g). That section provides in part that:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. *The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive* \* \* \*."

Social Security Board v. Warren, 142 F.2d 974 (8 Cir., 1944), determined that Section 405(g) means exactly what it states. See also United States v. La-Lone, 152 F.2d 43 (9 Cir., 1945), and the Supreme Court cases cited on page 44 thereof.

Thurston v. Hobby, 133 F.Supp. 205, 210 (W.D., Mo., 1955), held that "the burden of proof was upon the plaintiff to establish her claim before the Appeals Council by a preponderance of credible evidence". In that case Judge Ridge passed upon a contention not dissimilar to that made by plaintiff in this case and affirmed the Secretary's decision.

A review of the entire transcript requires the determination that the administrative finding is amply supported by substantial evidence and that therefore it must be considered as conclusive. All of the evidentiary matter that plaintiff urges this Court to consider was in fact before the Hearing Examiner and considered by him. We cannot substitute our judgment for his.

Plaintiff relies principally on the decision of the Court of Appeals of the Ninth Circuit in Flemming v. Lindgren, 275 F.2d 596 (1960). That case reversed a District Court decision which had in turn reversed a Secretary's decision. The question in that case was whether a salary paid by a corporation was justified. Neither the Hearing Examiner nor the court determined the corporation to be a sham. Cf. Gancher v. Hobby, 145 F.Supp. 461 (1955). There was no question in that case but that the salary had in fact been paid by a legal corporation but the Hearing Examiner quite arbitrarily took the position that it was more than the corporation could sensibly afford to pay. This was judicially determined to be an arbitrary standard which took into account no factor other than the actual earnings of the corporation and that it was therefore an improper standard. The determination of the Hearing Examiner in this case is predicated upon an entirely different ground and fundamentally rests upon the determination that there was no evidence to establish the necessary fact that the wage earner had in fact received more than $400 in 1955 for her personal use. Basically this case involves a failure to carry the burden of proof.

Livingstone v. Folson, 234 F.2d 75 (3 Cir., 1956), demonstrates clearly that a

district court is without power to disregard express findings that are supported by substantial evidence. That case also teaches that plaintiff's alternative prayer that this case be remanded to the Secretary "for determination of the figures as to self-employment income with instructions to consider a $750 loan from Olin M. James in 1955 and the withdrawals by the wage earner" cannot be granted.

In the exercise of our limited judicial review, we find and determine that the decision of the Secretary is supported by substantial evidence and that it should therefore be affirmed. Any determination to the contrary would rest upon speculation and conjecture. See Thorne v. Flemming, D.C., 189 F.Supp. 519.

Defendant's motion for summary judgment is therefore sustained and the decision of the Secretary affirmed.