**Nellie A. CANTRELL, Plaintiff,**

v.

**Abraham A. RIBICOFF, Defendant.**

**No. 12855.**

United States District Court
W. D. Missouri, W. D.

July 9, 1962.

---

Robert G. Duncan, Kansas City, Mo., for plaintiff.

F. Russell Millin, U. S. Dist. Atty., and John L. Kapnistos, Asst. U. S. Dist. Atty., for defendant.

JOHN W. OLIVER, District Judge.

This action, maintained under Sec. 405(g) of Title 42 U.S.C.A., seeks judicial review of a final decision of the Secretary of Health, Education and Welfare. It pends on plaintiff's motion for summary judgment.

Defendant determined that plaintiff failed to establish a "period of disability" under Sec. 416(i) of Title 42 U.S.C.A. or entitlement to disability benefits under Sec. 423(c) (3) of Title 42 U.S.C.A. The question to be resolved is whether there is substantial evidence to support the Secretary's decision that plaintiff failed to prove that her back condition and nerves have prevented her from any substantial gainful activity.

This is the second time this case has been before this Court.

When first here, and on August 19, 1960, plaintiff filed a motion to remand for introduction of additional evidence. Judge Smith sustained that motion on August 31, 1960. In his Memorandum and Order he stated that "it is not inappropriate to comment that after reading the record I entertain some doubt as to whether in the record as a whole, there is substantial evidence to support the Secretary's findings."

Upon remand, in addition to Dr. Clark's letters of May 18, 1959, and June 11, 1960 introduced by plaintiff, seven other exhibits were introduced in the record by defendant, including reports of current examinations made by Dr. Ziegler on March 30, 1961, and by Dr. Williams on March 27, 1961. Plaintiff, although given an opportunity, had no comment to make in regard to the documents introduced by defendant after the remand. Nor did plaintiff seek to introduce any evidence other than the two letters of Dr. Clark.

A very narrow question of law is before this Court. Under Sec. 405(g) of Title 42 U.S.C.A. this Court must affirm if the finding of the Secretary that plaintiff "has failed to establish the existence of a medically determinable physical or mental impairment or combination of impairments of such severity as to continuously prevent her from engaging in any substantial gainful activity" is supported by substantial evidence. James v. Ribicoff, D.C.W.D.Mo.1962, 204 F. Supp. 176 and cases cited.

"Substantial evidence", according to Chief Justice Hughes in Consolidated Edison Co. v. N. L. R. B., 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938) "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." N. L. R. B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939) added that for evidence to be substantial "it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." The rule of decision in regard to the meaning of "substantial evidence" established before

the enactment of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. was not changed by that legislation. See Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The scope of judicial review granted a District Court by Sec. 405(g) is not as broad as the scope of review granted a Court of Appeals under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The Court of Appeals has power to set aside a District Court's finding of fact determined to be "clearly erroneous". A "clearly erroneous" finding of fact conceivably could be supported by "substantial evidence". The Supreme Court has pointed out that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948), quoted with approval in United States v. Oregon State Medical Society, 343 U.S. 326, 339, 72 S.Ct. 690, 96 L.Ed. 978 (1952).[1]

We have emphasized the limited scope of our judicial review because the general thrust of the arguments of the parties has been not dissimilar from the type of argument usually directed to the trier of the facts. Both the Hearing Examiner's Decision of February 23, 1960, and the Decision of Appeals Council of February 15, 1962, show that much of plaintiff's testimony was not accepted by the Secretary. The Secretary likewise refused to accept, as binding, the opinion of Dr. Clark. The detailed discussion of the medical testimony in the Decision of Appeals Council, the particular decision here under review, reveals the medical and other data upon which the Secretary's finding is based and how it was viewed by the defendant.

■ Is that data so lacking in substantiality that it must be said that had

a jury based its verdict upon it, this Court would, as a matter of law, be required to set it aside? We think not. The presence or absence of pain was an important fact for determination.

The Appeals Council commented:

"Pain is a subjective symptom which cannot be measured qualitatively or quantitatively. However, continuous, severe, and intractable pain must, and does, leave its stigmata. In longstanding cases of severe and persistent back pain, there is usually present not only loss of motion in the back but such signs as impaired gait and weakness of the extremities with resultant muscular atrophy caused by the voluntary or involuntary restriction in the use of the back, weight loss, and progressive physical deterioration."

In quite consistent language, Dr. Gray, in his Attorneys' Textbook of Medicine, Sec. 102.11, Page 1114 states:

"Without doubt, pain is the most easily pretended symptom, and among those most commonly feigned. If marked, nervous reaction will produce symptoms which cannot be simulated. Thus the assertion that a doctor cannot prove the presence or absence of pain is false, unless it is slight in degree. * * *

"It is well recognized that continued pain leads to great depression and prostration. There is faintness, trembling, and pallor. If continued over a long period of time, the face develops a sharpening of the features. Thus the patient looks sad. Nutrition will be poor, and mental as well as physical depression great."

And see also Sec. 102.19, page 1120, of the same work wherein it is stated:

"Malingering related to the back is most common and perplexing. It is important that doctors give more

---

[1]. Orvis v. Higgins, 2 Cir., 1950, 180 F.2d 537, 540, correctly points out that "evidence sufficient to support a jury verdict or an administrative finding may not be sufficient to support a trial judge's finding." And see N.L.R.B. v. Southland Mfg. Co., 4 Cir., 1952, 201 F.2d 244.

careful consideration to this problem, and they are wrong in the assertion commonly made that one cannot determine the presence or absence of pain in the back. This may be done beyond a reasonable doubt, unless the pain or tenderness is so mild as to be of little consequence."

The injury here, as it was in Remington v. Folsom, D.C.N.D.N.Y., 1957, 157 F.Supp. 473, was to the back. As Judge Foley there held, such an injury "is one to the back, most difficult, as any trial judge knows, to evaluate as to past, present and future impairment." The recommendation that "a spine fusion operation had good chance to remedy to a great extent the disability" was held to be sufficient "substantial medical evidence" to support the Secretary's finding in that case. Apparently fusion operations were successfully performed in this case. Such evidence, together with the other medical data and the current medical reports added to the record after remand, in our opinion and judgment, constitutes "substantial evidence" which supports the Secretary's finding. Whether this Court would have made such a finding is, of course, immaterial. Our sole task is to determine the existence of substantial evidence. We believe it present.

The medical evidence in this case is sharply distinguishable from the medical evidence in Kohrs v. Flemming, 8 Cir., 1959, 272 F.2d 731. And the Secretary was reversed in Ribicoff v. Hughes, 8 Cir., 1961, 295 F.2d 833, another back case, not because of the absence of substantial medical evidence but because there was no evidence that there was any employment within the capacity and capability of the plaintiff when the facts in that regard were "realistically judged by his education, training and experience." Realistic judgment on that score in this case requires affirmance of the Secretary's finding in this regard when judicial notice is taken of the data upon which the finding is based.

Judge Smith's Remand Order of August 31, 1960, reopened the case for both parties. Plaintiff, with full knowledge of her burden of proof, elected to add only two additional letters from Dr. Clark. Defendant introduced additional evidence which very well may have answered the doubt expressed by Judge Smith in regard to the substantiality of the evidence introduced at the first hearing. At any rate, defendant attempted to patch his record. Plaintiff did not. Be that as it may, this Court, after a study of the entire record, cannot hold that there is no substantial evidence to support the findings of the Secretary. For that reason, plaintiff's motion for summary judgment is denied and the Secretary's decision affirmed.